IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT BRADDOCK           :        CIVIL ACTION
                          :        NO. 13-06171
     v.                   :
                          :
SEPTA, et al.             :

O'NEILL, J.                                                  June 18, 2014

## MEMORANDUM

Plaintiff Robert Braddock sued defendants Southeastern Pennsylvania Transportation Authority, Albert Matejik and John Jamison alleging race discrimination and retaliation in violation of the Pennsylvania Human Relations Act, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983.  Presently before me are defendants' partial motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 10), plaintiff's response (Dkt. No. 11) and defendants' reply (Dkt. No. 12).  Defendants move to dismiss plaintiff's discrimination claims, set forth in Counts I, III and V of his amended complaint, as well as his claims for punitive damages.  For the following reasons I will grant defendants' motion with leave to amend.

## BACKGROUND

Plaintiff is an African American male who has worked at SEPTA for over thirty-two years, most recently as a Yard Master.  Dkt. No. 8 at ¶ 9.  On April 18, 2011, plaintiff complained to SEPTA's Equal Opportunity Office and his supervisor, defendant Matijek, that Matijek was discriminating against him and subjecting him to a hostile work environment.  Id. at ¶ 11.  Eleven days later on April 29, 2011, Matijek issued plaintiff a notice of imminent

discharge.  Id. at ¶ 13.  Plaintiff was formally discharged on May 20, 2011 by Chief Officer defendant John Jamison.  Id. at ¶ 14.

Plaintiff appealed his termination in accordance with SEPTA's employment procedures. Id. at ¶ 25.  On September 26, 2011, a hearing was held where it was found that plaintiff was terminated without just cause and ordered that plaintiff be reinstated.  Id.  After receiving notice of his right to sue, plaintiff filed this suit alleging that defendants discriminated and retaliated against him when they subjected him to a disciplinary discharge based on allegedly false allegations of insubordination.  Id. at ¶¶ 17, 20, 23, 29-31.  He claims that defendants applied SEPTA's disciplinary rules more stringently to him than to fellow employees who were Caucasian.  Id. at ¶¶ 19-23, 31.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  Id. (citations omitted).  This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.  Id. at 556.  The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a

2

cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

### I.   Counts I and III: Discrimination Claims Under Title VII and the PHRA

Plaintiff has not alleged sufficient facts to adequately plead his employment discrimination claims under Title VII or the PHRA. In order to make out his prima facie case of employment discrimination, plaintiff must establish: (1) membership in a protected class; (2) qualification for the position sought; (3) an adverse employment action; and (4) circumstances that give rise to an inference of unlawful discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973); see also Slagle v. Cnty. of Clarion, 435 F.3d 262, 265 n.5

3

(3d Cir. 2006) (analyzing claims under the PHRA with the same standard as Title VII unless specific language requires the claims to be treated differently).

In his amended complaint, plaintiff asserts that discrimination should be inferred from defendants' failure to discipline insubordinate acts of Caucasian SEPTA employees. Dkt. No. 8 at ¶ 31. I find however that plaintiff has not pled sufficient facts from which this alleged discrimination may be inferred.

An inference of unlawful discrimination arises when "similarly situated persons not within the protected class were treated more favorably [than plaintiff]." Sarullo v. U.S. Postal Serv., 352 F.3d 789, 798 n.7 (3d Cir. 2003). Here then, the relevant inquiry is whether the individuals referenced in plaintiff's complaint were similarly situated to plaintiff. Context matters in assessing similarity. See McCullers v. Napolitano, 427 F. App'x 190, 195 (3d Cir. 2011). In workplace discrimination, relevant contextual factors include "showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." Id., quoting Radue v. Kimberly-Clark Corp. 219 F.3d 612, 617 (7th Cir. 2000).

In his complaint, plaintiff asserts that three other employees, all Caucasian, were similarly insubordinate to their supervisor, but he does not claim that the allegedly insubordinate conduct was similar in kind or degree, that the employees shared the same supervisor, that the employees held similar positions or that the employees were subject to the same standards. See Blackshear v. Verizon, No. 11-1036, 2011 WL 5116912, at *2 (E.D. Pa. Oct. 27, 2011) (dismissing plaintiff's Title VII claim for inadequately alleging enough facts to support an inference that employees were similarly situated). That plaintiff was in fact the supervisor for

4

two of the employees suggests that these employees were clearly not similarly situated to plaintiff.  Because plaintiff has not alleged any circumstances that give rise to an inference of discrimination, I will dismiss Counts I and III of plaintiff's amended complaint.  I will grant him leave to amend to the extent that he can allege facts to show that the mentioned employees are similarly situated to him.

## II. Count Five:  Section 1983 Claims

Section 1983 provides for the imposition of liability on any person who, acting under color of state law, "deprives another of rights, privileges, or immunities secured by the Constitution or laws of the United States."  42 U.S.C. § 1983.  Plaintiff alleges that the "acts and conduct of the Defendants . . . were violations of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Civil Rights Act, 42 USC Section 1981."  Dkt. No. 8 at ¶ 46.  He claims that defendants violated his rights by:  (1) applying SEPTA's disciplinary rules more strictly to him than to his fellow employees who were Caucasian; and (2) by allegedly retaliating against him for his complaint of discrimination.  Dkt. No. 8 at ¶¶ 19, 49-50.  Defendants move to dismiss plaintiff's claims pursuant to § 1983, arguing that "he has not adequately alleged any specific acts or conduct on the part of defendants that deprived him of any rights secured by the Constitution or laws of the United States."  Dkt. No. 10 at ECF p. 8.

### A. Claims Against SEPTA

I find that plaintiff has not sufficiently alleged a claim against SEPTA pursuant to § 1983.  Section 1983 appropriately applies to claims of discrimination against municipalities and local government units, including SEPTA.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 659 (1978); see also Reynolds v. SEPTA, No. 12-1008, 2013 WL 3939513, at *2 (E.D. Pa. July 31, 2013) (applying § 1983 analysis to SEPTA).  To establish his § 1983 claim against SEPTA,

plaintiff must allege a constitutional transgression that "implements or executes a policy, regulation or decision officially adopted by [SEPTA] or informally adopted by custom." Monell, 436 U.S. at 659.  Plaintiff's allegation must clearly "identify [the] custom or policy, and specify what exactly that custom or policy was." Washington v. City of Phila., No. 11-3275, 2012 WL 85480, at *5-6 (E.D. Pa. Jan. 11, 2012).

Although SEPTA's liability may not be premised on a theory of respondeat superior, an employee's decision can be "fairly said to represent official policy" in one of three ways:

> First, if its employee acted pursuant to a formal policy or longstanding customary practice; second, when the individual has policy making authority rendering his or her behavior an act of official government policy; and third, if an official with authority ratified the unconstitutional acts of a subordinate, rendering the decision official.

McGreevy v. Stoup, 413 F.3d 359, 369 (3d Cir. 2005).

To find that an employee is an official policy-maker requires more than a mere showing that the official "has discretion in the exercise of particular functions." Pembaur v. City of Cincinnati, 475 U.S. 469, 482 (1986).  "A policy-maker is an official who has final, unreviewable discretion to make a decision or take action." McGreevy, 413 F.3d at 369, citing Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir.1996).  Although the issue of whether a particular municipal official is a final policy-maker is a question of state law, Jett v. Dall. Indep. Sch. Dist., 491 U.S. 701, 737-38 (1989), plaintiff still needs to plead facts to reasonably support his conclusory claim that Matejik and Jamison have final policy-making authority.  See Santiago v. Warminster Twp., 629 F.3d 121, 135 n.11 (3d Cir. 2010); see also Saleem v. Sch. Dist. of Phila., No. 12-3193, 2013 WL 140613, at *5 (E.D. Pa. Jan. 11, 2013) (dismissing complaint that failed to allege school principal was a final policy-maker or to allege facts that reasonably support this).

Braddock's complaint states that SEPTA "has a practice and custom of subjecting employees to retaliation for complaining of violation[s] of their [sic] constitutional rights." Dkt. No. 8 at ¶ 50.  This allegation inadequately specifies a policy or custom and states only a vague conclusory claim absent factual support.  It is unclear from plaintiff's amended complaint whether he alleges a formal policy of discrimination or a policy created by a decision or ratification of a decision by an individual with policy-making authority.

In his response to defendants' motion, plaintiff asserts that Matejik's and Jamison's allegedly discriminatory decision to terminate his employment constituted official SEPTA policy because they were final decision-makers.  Dkt. No. 11 at ECF p. 15.  Even if plaintiff's response had alleged sufficient facts to support plaintiff's claims that Matijek and Jamison were final decision-makers, this would still not be sufficient to permit his claim to withstand SEPTA's 12(b)(6) motion because this allegation must be pled in his amended complaint.  See Monroe v. Diguglielmo, No. 10-3798, 2013 WL 3949074, at *12 (E.D. Pa. July 31, 2013), quoting Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (stating that at the motion to dismiss stage, a judge may only address the "allegations contained in the complaint, exhibits attached to the complaint and matters of public record."). Plaintiff's amended complaint, however, neither alleges that Matejik and Jamison were final-policy makers nor does it allege facts from which I can infer that their decision to terminate his employment constituted a constitutional violation.

Because plaintiff may be able to allege facts to support findings that Matejik and Jamison were final-policy makers and that their decision to terminate his employment was discriminatory, I will grant him leave to amend his § 1983 claim against SEPTA.

### B.  Claims Against Matijek and Jamison

A claim against individual defendants under § 1983 "alleges wrongful conduct taken under color of state law and seeks relief from the defendant personally." Jackson v. Phila. Hous. Auth., No. 13-4872, 2014 WL 1096157, at *6 (E.D. Pa. Mar. 20, 2014).  In order to hold Matijek and Jamison individually liable, plaintiff must allege that each defendant had personal involvement in the alleged wrongs.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Matijek's and Jamison's personal involvement may be demonstrated through "allegations of personal direction or of actual knowledge and acquiescence."  Id.

#### 1.  Discrimination Claims

Plaintiff has not sufficiently alleged a basis for liability for discrimination under § 1983 as against Matijek or Jamison.  To bring a successful claim under § 1983 for a violation of equal protection, plaintiff must allege the existence of purposeful discrimination.  Batson v. Kentucky, 476 U.S. 79, 93 (1986).  Discrimination may be inferred from facts reasonably supporting an allegation that plaintiff "receiv[ed] different treatment from that received by other individuals similarly situated."  Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990), citing Kuhar v. Greensburg-Salem Sch. Dist., 616 F.2d 676, 677 n.1 (3d Cir. 1980).

Braddock's allegations of discrimination against both Matijek and Jamison amount to a bare-bones recital of elements inadequately supported with facts.  Plaintiff asserts that defendants denied him equal protection when they discriminated against him and subjected him to a hostile work environment, particularly when they applied SEPTA's disciplinary rules more strictly to him than to other "insubordinate" employees who were Caucasian.  Dkt. No. 8 at ¶¶ 51, 20-22.  Plaintiff however provides no facts from which this discrimination or hostile work environment may be inferred.  He does not allege even one specific occurrence of Matijek's

8

discriminatory or hostile conduct prior to his termination, which he conclusorily asserts was discriminatory and retaliatory. Plaintiff provides no facts to support his claim that his termination was discriminatory other than vague statements that three Caucasian SEPTA employees were not disciplined for their "insubordinate" misconduct. Id. at ¶¶ 20-22. Plaintiff does not allege in his amended complaint that these individuals were similarly situated, nor does he provide facts from which this may be inferred. See Henry v. City of Allentown, No. 12-1380, 2013 WL 6409307, at *3-4 (E.D. Pa. Jan. 9, 2013) (dismissing complaint for failure to allege enough facts to consider comparators similar). I cannot infer a plausible claim of discrimination from plaintiff's conclusory and vague allegations. Accordingly, I will dismiss Count V of plaintiff's amended complaint as against Matijek and Jamison. I will grant plaintiff leave to amend Count V of his amended complaint to the extent that he can allege facts that support his claims of discrimination.

### 2. Retaliation Claims

I also find that plaintiff has not sufficiently alleged a basis for liability for retaliation under § 1983 as against Matijek or Jamison. The Supreme Court has held that "[w]hen the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1, 20 (1981). Neither the Supreme Court nor the Court of Appeals has yet addressed whether claims such as plaintiff's claims for retaliatory termination can be brought pursuant to § 1983. However, a substantial body of persuasive case law supports a finding that plaintiff is precluded from bringing his § 1983 claim for retaliation because he has not sufficiently pled a claim for discrimination under the Equal Protection Clause or other conduct that violated the Constitution or any federal law other than

the retaliation provision of Title VII. Plaintiff's "claim of retaliation cannot be the sole basis for a § 1983 claim where there is no violation of the Constitution or federal law, other than the retaliation provision of Title VII." Price v. Del. Dep't of Corr., 40 F. Supp. 2d 544, 558 (D. Del. 1999).

In Madden v. Runyon, 899 F. Supp. 217, 225 (E.D. Pa. 1995), the Court held that Title VII is the "exclusive remedy for federal employment retaliation discrimination" and precludes a plaintiff from bringing a stand-alone claim of employment retaliation under § 1983. See also Blakney v. City of Phila., No. 12-6300, 2013 WL 2411409, at *13 (E.D. Pa. June 4, 2013) (dismissing plaintiff's retaliation claims: "[a]s such retaliation claims exist solely under Title VII and the PHRA and are not recognized under constitutional principles, [p]laintiff may not pursue such a claim via § 1983.").[1]

In Slaughter v. County of Allegheny, No. 11-880, 2013 WL 5491739, at *7 (W.D. Pa. Oct. 1, 2013), the Court noted that its similar holding was consistent with the Court of Appeals' holding in Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077 (3d Cir. 1996),

---

[1] See also Lewis v. Del., 986 F. Supp. 848, 857 (D. Del. 1997) (holding that a § 1983 retaliation action is properly remedied through Title VII not under the Equal Protection Clause); Long v. Laramie Cnty. Cmty. Coll. Dist., 840 F.2d 743, 752 (10th Cir. 1988) (holding that a theory of liability under federal law for retaliatory conduct does not come within § 1983, and supports only a Title VII claim); Day v. Wayne Cnty. Bd. of Auditors, 749 F.2d 1199, 1205 (6th Cir. 1984) (holding that where defendants did not discriminate against plaintiff, and the only wrongful act was retaliation in violation of Title VII, Congress did not intend this violation to be the basis of a § 1983 claim); Lightner v. Ariton, 902 F. Supp. 1489, 1499 (M.D. Ala. 1995) (holding that plaintiff cannot maintain § 1983 action predicated on retaliation provision of Title VII); Arnett v. Davis Cnty. Sch. Dist., No. 92-C-988W, 1993 WL 434053, at *4 (D. Utah Apr. 5, 1993) (stating "a theory of liability for retaliatory conduct does not come within § 1983"); Moche v. City Univ. of N.Y., 781 F. Supp. 160, 168 (S.D.N.Y. 1992) (holding that retaliation claims cannot be brought under § 1983 because they are exclusive to Title VII, but claims of intentional discrimination are actionable under § 1983 as violations of the Equal Protection Clause and stand independently of Title VII).

finding that "Congress did not intend to hold individual employees liable under Title VII." As defendants here also contend, allowing plaintiff to assert under § 1983 a retaliation claim against Matijek and Jamison premised only on retaliatory conduct proscribed by Title VII would allow plaintiff to circumvent Title VII's restriction on individual liability. I decline to find that plaintiff may use § 1983 to pursue retaliation claims against his supervisors and will dismiss Count V of plaintiff's amended complaint as against Matijek and Jamison. To the extent that plaintiff is able to allege that defendants' retaliatory conduct violated his right to equal protection or other rights created by the Constitution or federal laws other than Title VII, I will grant plaintiff leave to amend his amended complaint to assert a claim for retaliation pursuant to § 1983.

## IV.     Claims for Punitive Damages

The legal standard for punitive damages is a matter of state law. See Griffiths v. CIGNA Corp., 857 F. Supp. 399, 409-10 (E.D. Pa. 1994), aff'd, 60 F.3d 814 (3d Cir. 1995) (further citation omitted). The Supreme Court of Pennsylvania has adopted Section 908(2) of the Restatement (Second) of Torts, allowing punitive damages strictly for "conduct that is outrageous because of the defendant[s'] evil motive or his reckless indifference to the rights of others." See Madison v. Bethanna, Inc., No. 12-01330, 2012 WL 1867459, at *13 (E.D. Pa. May 23, 2012), quoting Rizzo v. Haines, 520 Pa. 484, 555 A.2d 58, 69 (Pa. 1989). Specifically, "'[a] court may award punitive damages only if the conduct was malicious, wanton, reckless, willful, or oppressive.'" Id., quoting Rizzo, 555 A.2d at 69.

Plaintiff contends that he has asserted facts from which defendants' conduct can be inferred to be "outrageous." Dkt. No. 11 at ECF p.17. Even when viewing the facts in the light most favorable to the plaintiff however, I find that plaintiff has failed to do this. Plaintiff has

11

inadequately pled his discrimination claims and his retaliation claims do not properly assert allegations of conduct that "amount to something more than a bare violation justifying compensatory damages or injunctive relief." Keenan v. City of Phila., 983 F.2d 459 (3d Cir. 1992), quoting Conchetti v. Desmond, 572 F.2d 102, 105-6 (3d Cir. 1978).  As a result, I will dismiss plaintiff's claims for punitive damages but will grant him leave to amend.

**V.     Conclusion**

For the reasons set forth above, I will grant defendants' partial motion to dismiss in its entirety with leave to amend plaintiff's dismissed claims to allege sufficient facts consistent with this opinion.

An appropriate Order follows.